FILED at _2:43 P._ M

_Dec. 22_ , 20 _09_

Courtroom Deputy/Calendar Clerk
U.S. District Court
Middle District of Georgia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

UNITED STATES OF AMERICA          :

       v.                          :          CASE NO. _1:09-CR-30 (WLS)_

DEXTER GRIFFIN                    :

                                :

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and DEXTER GRIFFIN, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the *superseding* Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the government would have the burden of proving Defendant's guilt beyond a reasonable doubt.  Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial.  Defendant understands that Defendant would be entitled to confront and to cross-examine the government's proof, and

_D.G_

_DW_

to present witnesses and evidence in Defendant's own behalf.  Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so.  Defendant has discussed these rights with Defendant's attorney.  Defendant is satisfied with the services of Defendant's lawyer.  Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).  Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny.  Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay.  Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(e), Federal Rules of Criminal Procedure, as follows:

(A)     Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Ten of the Indictment which charges him with, aided and abetted by Joshua Griffin,

2

distribution of a mixture and substance containing a detectable amount of cocaine base, also known as "crack" cocaine, within 1000 feet of real property comprising a housing facility owned by a public housing authority, to wit: James Eubanks Homes located in the Pelham, Georgia on August 25, 2009, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860(a).  Defendant agrees as set forth in Count Ten that while committing the offense set forth in Count Ten of the Indictment, the Defendant, being at least 21 years of age, did employ, hire, use, persuade, induce, entice and coerce a person under 18 years of age to commit the offenses set forth in this Count of the Indictment and to assist in avoiding detection or apprehension for the offenses set forth in this Count of the Indictment by any federal, state or local law enforcement official, all in violation of Title 21, United States Code, Sections 860(c)(1) and 860(c)(2).

(B)    Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, would normally subject a Defendant to a maximum of not more than 20 years of imprisonment, a maximum fine of $1,000,000, or both, a term of supervised release of at least 3 years and a mandatory assessment of $100.  However, Defendant understands that by virtue of his plea of guilty as set forth in Subparagraph (A), Defendant will now be subject to a minimum mandatory sentence of one (1) year up to a maximum sentence of 60 years of imprisonment, a maximum fine of $3,000,000 or both, a term of supervised release of at least 6 years and a mandatory assessment of $100. Defendant further understands that by virtue of his plea of guilty as set forth in Subparagraph (A), his sentencing range under the United States Sentencing Guidelines may be increased by virtue of his distribution of drugs within 1000 feet of James Eubanks

Homes and by virtue of employing, hiring, using, persuading, inducing, enticing and coercing a person under 18 years of age to commit the offenses set forth in Count Ten.

(C)     Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's counsel, the Government, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D)     Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a pre-sentence investigative report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

4

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence.  But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral  review of Defendant's sentence in any court.  However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right  to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence.  In the event that the Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b).  If, however, the United States Attorney appeals the Defendant's sentence pursuant to this statute, the Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H)     Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment as well as any and all criminal violations about which Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement.  Defendant further agrees to

5

provide complete, candid, and truthful testimony regarding such matters in any proceeding. Defendant understands that this agreement does not require Defendant to implicate any particular individual or individuals or to "make a case," rather it requires Defendant to be truthful and to testify truthfully whenever called upon.

(I)   The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing.   The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)   The United States Attorney will accept the plea of guilty by Defendant as provided in Paragraph (3)(A) and (3)(B), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against Defendant.

(B)   If Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that

6

Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case.  In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact.  This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court.  Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and Defendant stipulate and agree that at trial the United States could prove beyond a reasonable doubt the following:

On August 13, 2009, a confidential informant of the Pelham Police Department conducted a controlled purchase of crack cocaine from Dexter Griffin, a known associate of Joshua Griffin.  The transaction occurred within 310 feet of James Eubanks Homes, which is a housing facility owned by a public housing authority, in Pelham, Georgia.  The transaction was captured on audio/video.  The transaction occurred at 314 Cemetery Road, Pelham, Georgia.

On August 24, 2009, a confidential informant of the Pelham Police Department conducted a controlled purchase of crack cocaine from Dexter Griffin.  The transaction occurred within 310 feet of James Eubanks Homes, which is a housing facility owned by a public housing authority, in Pelham, Georgia.  The transaction was captured on audio/video.  At the beginning of the transaction, the informant walks up to a vehicle where Joshua Griffin and Dexter Griffin are seated.  The informant walks up to the passenger side of the vehicle and speaks briefly with Joshua Griffin.  Joshua Griffin tells the informant to walk over to Dexter Griffin who is located in the driver's seat.  Dexter Griffin exchanges cocaine base for money.  The transaction occurred at 314 Cemetery Road, Pelham, Georgia.

On August 25, 2009, a confidential informant of the Pelham Police Department conducted a controlled purchase of crack cocaine from Dexter Griffin.  The transaction occurred within 310 feet of James Eubanks Homes, which is a housing facility owned by a public housing authority, in Pelham, Georgia.  The transaction was captured on audio/video.  Dexter Griffin exchanges cocaine base for money from inside a vehicle where he is seated.  A small child under the age of 5 years old is seated in Dexter Griffin's lap.

8

On the video, Dexter Griffin uses and employs the small child under the age of 5 years old to aid him in avoiding detection for an distributing the narcotics to the confidential informant, in that the child is used to shield the location of the narcotics. Joshua Griffin is seated in the passenger seat of the vehicle. The transaction occurred at 314 Cemetery Road, Pelham, Georgia.

On September 15, 2009, a confidential informant of the Pelham Police Department conducted a controlled purchase of crack cocaine from Joshua Griffin and Dexter Griffin. The transaction occurred within 75 feet of William C.B. Alexander Homes, which is a housing facility owned by a public housing authority, in Pelham, Georgia. The transaction was captured on audio/video. The informant contacted Joshua Griffin via cellular telephone to arrange for the purchase of cocaine base. Joshua Griffin directed the informant to establish contact with Dexter Griffin. Upon doing so, the informant provided Dexter Griffin with money in exchange for cocaine base. At the direction of law enforcement, the informant contacted Joshua Griffin via cellular telephone after the transaction. The informant discussed the good quality of the cocaine base and indicated he/she would purchase more cocaine base from Joshua Griffin on the following day. Joshua Griffin agreed.

On September 22, 2009, a confidential informant of the Pelham Police Department conducted a controlled purchase of crack cocaine from Joshua Griffin and Dexter Griffin. The transaction occurred within 334 feet of Bennetta Cochran Homes, which is a housing facility owned by a public housing authority, in Pelham, Georgia. The transaction was captured on audio/video. The informant contacted Joshua Griffin to arrange for the

9

purchase of cocaine base.  Joshua Griffin directed the informant to get into a vehicle with Dexter Griffin.  Dexter Griffin drove the informant to a location in Pelham, Georgia.  The informant met Joshua Griffin and provided him with money.  Joshua Griffin then directed the informant to a wooded area where cocaine base had been stashed.

The United States and Defendant hereby stipulate that all of the conduct described herein occurred within the territorial jurisdiction of the United States District Court for the Middle District of Georgia, Albany Division.

The United States and Defendant also hereby stipulate that for the purposes of computing the guideline range pursuant to USSG Section 1B1.3, Relevant Conduct, the amount of contraband attributable to Defendant is at least 2 grams but less than 3  grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack" cocaine.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this _Dec. 23_, 2009.

MAXWELL WOOD
UNITED STATES ATTORNEY

BY: _____
JASON M. FERGUSON
ASSISTANT UNITED STATES ATTORNEY

10

I, DEXTER GRIFFIN, have read this agreement and had this agreement read to me by my attorney, GERALD WILLIAMS.  I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

DEXTER GRIFFIN
DEFENDANT


I, GERALD WILLIAMS, attorney for defendant DEXTER GRIFFIN, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant.  I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant.  To the best of my knowledge and belief, Defendant understands this agreement.

GERALD WILLIAMS, ESQ.
ATTORNEY FOR DEFENDANT

11