IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO.  1:09-cr-00030-WLS |
| | : |
| DEXTER GRIFFIN, | : |
| | : |
| Defendant. | : |
| _____ | : |

GOVERNMENT'S RESPONSE TO DEXTER GRIFFIN'S
PRO SE MOTION FOR REDUCTION OF SENTENCE

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and makes this response in opposition to Dexter Griffin's "Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act and Amendments 706, 750." Doc. 197.  The Government will show below that the motion should be dismissed for lack of jurisdiction, or, if addressed on the merits, should be denied.

A.   **Procedural History**

Dexter Griffin, along with two co-defendants, was charged in 2009 in a multi-count superseding indictment with various offenses, many of them crack cocaine offenses, occurring in 2007, 2008, and 2009.  Doc. 61.  Although charged in six counts of the superseding indictment, Griffin was allowed to plead guilty to a single count—Count Ten, distribution of crack cocaine on August 25, 2009, within one

thousand feet of a housing facility owned by a public housing authority, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), 21 U.S.C. § 860(a), and 21 U.S.C. § 860(c).  Doc. 61; Doc. 67 at 2-3.  Pursuant to the terms of the plea agreement, the parties stipulated that the amount of drugs attributable to Griffin was at least 2 grams but less than 3 grams of crack cocaine.  Doc. 67 at 10.

In preparation for sentencing, the United States Probation Office prepared several presentence investigation reports.  In a final report dated July 16, 2010, using the United States Sentencing Commission Guidelines Manual (U.S.S.G.) effective November 1, 2009, and applying U.S.S.G. § 2D1.2, Probation determined a base offense level of 26.  Doc. 127 ¶ 16.  Probation then added a two-level adjustment for obstruction of justice, for a total offense level of 28.  Doc. 127 ¶¶ 21, 26.

Based on a total offense level of 28 and a criminal history category of VI, Probation calculated an advisory Guidelines sentencing range of 140 to 175 months. Doc. 127 ¶ 94.  Under the drug offenses of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), Griffin was not subject to a mandatory minimum but was subject to a statutory maximum of 20 years.  However, because of his conviction under 21 U.S.C. § 860(a), his statutory maximum tripled to 60 years.  Doc. 67 at 3; Doc. 127 ¶ 93; 21 U.S.C. § 841(b)(1)(C); 21 U.S.C. § 860(a); 21 U.S.C. § 860(c).

After several delays, Griffin appeared for final sentencing on January 28, 2011. Doc. 180. After hearing from the parties, the district court accepted the plea agreement and the Presentence Investigation Report that was prepared following the guilty plea. Doc. 180 at 40. Based on an offense level of 28 and a criminal history category of VI, the court calculated an advisory Guidelines sentencing range of 140 to 175 months, and sentenced Griffin to a term of imprisonment of 157 months. Doc. 180 at 40. Judgment was entered February 1, 2011. Doc. 124.

Griffin filed an appeal on February 2, 2011, raising several challenges to his conviction, including a claim of a violation of his Sixth Amendment right to counsel, a claim of double jeopardy, and a challenge to the district court's sentencing determinations. Doc. 126. On May 1, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment entered by the district court. Doc. 195. However, on May 22, 2012, Griffin filed a petition for panel rehearing in the Eleventh Circuit. The petition for panel rehearing remains pending in the Eleventh Circuit, and no mandate has issued from the appellate court. On August 2, 2012, Griffin filed the motion at issue here.

**B.     Argument and Citation of Authority**

Initially, the Government contends this Court is without jurisdiction to address the issues raised by Griffin in his motion. Griffin has an appeal pending

before the Eleventh Circuit and, although that court has issued an opinion, it has not yet issued the mandate. Therefore, the Government contends the Eleventh Circuit has jurisdiction of the case and, as a result, this Court cannot decide the issues presented by Griffin in his motion.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982). A district court does not regain jurisdiction over the issues involved in the appeal until the court of appeals issues its mandate. *United States v. Defries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). *See also United States v. Sears*, 411 F.3d 1240, 1241-42 (11th Cir. 2006) (although the district court is divested of jurisdiction when an appeal is filed, the district court reacquires jurisdiction over the case once a mandate remanding the case to the district court is issued). Thus, until the Eleventh Circuit issues its mandate, this Court is without jurisdiction to rule on those aspects of the case involved in Griffin's appeal.

Even if this Court were to address Griffin's motion on the merits, he would not be entitled to relief. In his motion, Griffin seeks relief pursuant to 18 U.S.C. § 3582(c)(2), the Fair Sentencing Act of 2010 (FSA), the recent decision of the

4

Supreme Court of the United States in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), and retroactive Guidelines Amendments 706 and 750. Griffin's motion thus seeks relief based on two distinctly different changes in the way crack cocaine offenses are sentenced: changes in the United States Sentencing Commission Guidelines ranges and changes in the statutory mandatory minimums applicable to crack cocaine offenses. Each of these distinctly different changes to the way crack cocaine offenses are sentenced must be addressed by distinctly different procedural remedies. Therefore, the Government will address them separately below.

    **1.**    **Griffin is not entitled to relief under 18 U.S.C. § 3582(c)(2).**

The Fair Sentencing Act, which became effective August 3, 2010, amended the penalty provisions of 21 U.S.C. § 841 by increasing the amount of crack cocaine necessary to trigger certain mandatory minimum sentences. The Act directed the United States Sentencing Commission to promulgate amendments to the Guidelines consistent with the changes in the crack cocaine statutory mandatory minimums. The Commission issued emergency temporary amendments that went into effect on November 1, 2010. The temporary amendments were made permanent effective November 1, 2011. The Commission also made the amendments retroactive. Amendment 750 re-promulgated as permanent the temporary, emergency, retroactive Guidelines amendments that were implement pursuant to the FSA.

A defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move the court pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in sentence. 18 U.S.C. § 3582(c)(2). Thus, a defendant who was sentenced based on the drug quantity tables set forth at U.S.S.G. § 2D1.1(c), and whose Guidelines range has subsequently been lowered by Guidelines amendments resulting from the Fair Sentencing Act, may move for a reduction in sentence under § 3582(c)(2). Griffin does not meet these criteria, however.

Griffin was not sentenced based on the drug quantity tables set forth at U.S.S.G. § 2D1.1(c). Griffin, whose penalties were imposed pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860(a), and 860(c), met the criteria for sentencing pursuant to U.S.S.G. § 2D1.2(a)(3), having committed a drug offense involving a person less than eighteen years of age.[1] Doc. 127 ¶ 17. Griffin was thus subject to a base offense level of 26, irrespective of the offense levels from § 2D1.1(c). U.S.S.G. § 2D1.2(a) (2009). As a result, any retroactive changes to the drug quantity tables would not

---

[1]On appeal, Griffin maintains that his conviction under all of these statutory provisions served to violate his Fifth Amendment right against double jeopardy.

6

impact Griffin's Guidelines range, and would not have the effect of lowering his Guidelines range.[2]

The Guidelines Manual specifically excludes defendants, like Griffin, from obtaining a reduction in sentence where an amendment does not have the effect of lowering the Guidelines range: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (2009). Neither Amendment 706 nor Amendment 750 had the effect of lowering Griffin's Guidelines range. Therefore, Griffin is not entitled to a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

> **2.    Griffin is not entitled to 18 U.S.C. § 3582 relief pursuant to the decision of the Supreme Court in *Dorsey*, and *Dorsey* does not impact his sentence.**

In *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012), the Supreme Court of the United States held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."

---

[2] Nor does Amendment 706 have the effect of lowering Griffin's Guidelines range. Griffin's Guidelines range was calculated using the Guidelines Manual effective November 1, 2009. Amendment 706 became effective November 1, 2007, and the changes resulting from Amendment 706 were incorporated into the 2009 Guidelines Manual and, therefore, were already applied to Griffin.

Pursuant to *Dorsey*, therefore, defendants whose illegal conduct occurred prior to August 3, 2010, and who were indicted and convicted prior to August 3, 2010, but sentenced after August 3, 2010, are entitled to receive the benefit of the new statutory mandatory minimums put in place by the Fair Sentencing Act. Griffin, who was sentenced after August 3, 2010, suggests in his motion that the decision in *Dorsey* applies to him. The Government maintains that *Dorsey* does not entitle Griffin to relief and, even if it did, he cannot obtain the benefit of the decision in *Dorsey* using a motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

      a.    **Griffin cannot use a motion brought pursuant to 18 U.S.C. § 3582(c)(2) to obtain relief based on *Dorsey*.**

A court's authority to amend a final judgment is strictly limited. A court may modify a sentence of imprisonment already imposed only where expressly permitted by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, as the Eleventh Circuit noted in *Phillips*, § 3582(c) provides that a court may not modify an imprisonment sentence except in three circumstances: (1) where the Bureau of Prisons has moved pursuant to 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits modification; or (3) where a defendant meets the requirements of 18 U.S.C. § 3582(c)(2). *Phillips*, 597 F.3d at 1194-95.

8

Griffin meets none of the exceptions for modifying a sentence identified in *Phillips*. Without specific statutory authority, this Court may not revisit the sentence already imposed. "In a § 3582(c)(2) proceeding, a district court does not have unfettered authority to reduce a defendant's sentence." *United States v. Bright*, 351 F. App'x 400, 401 (11th Cir. 2009) (unpublished opinion). Moreover, a defendant cannot use a § 3582(c)(2) proceeding to "challenge the district court's original sentencing determination that he was subject to the mandatory statutory minimum penalty." *Id.* at 402 (citing *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000)). Thus, a § 3582 motion is not the proper vehicle for challenging the application of a statutory mandatory minimum penalty to a sentence already imposed.

      **b.    The decision in *Dorsey* does not entitle Griffin to relief because he was not subject to a pre-FSA mandatory minimum.**

As set forth above, the Government maintains that a district court does not have the authority to consider a defendant's entitlement to relief under *Dorsey* through the procedural remedy of 18 U.S.C. § 3582(c)(2). However, even if Griffin were to bring his claim using the proper procedural remedy—a motion to vacate brought pursuant to 28 U.S.C. § 2255, he would not be entitled to relief under *Dorsey*.

In *Dorsey*, the Supreme Court held that the mandatory minimum penalties created by the Fair Sentencing Act should apply to offenders who committed their

9

offenses prior to the Act's effective date, but who were sentenced after the Act's effective date. *Dorsey*, 132 S. Ct. at 2335. Griffin committed his offenses prior to the Act's effective date, and was sentenced after. Nevertheless, the decision in *Dorsey* does not apply to him because he was not subject to the pre-FSA statutory mandatory minimums.

Having entered a plea of guilty to 21 U.S.C. §§ 860(a) and 860(c), in conjunction with a violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), Griffin was subject to punishment "by a term of imprisonment, a fine, or both, up to triple those authorized by section 841 of this title." 21 U.S.C. § 860(c). As a defendant in possession of less than 5 grams of crack cocaine, Griffin was not subject to a mandatory minimum penalty, only a statutory maximum of 20 years, which became 60 years under 21 U.S.C. § 860(c). Doc. 127 ¶ 93. Griffin was sentenced to a term of imprisonment of 157 months; however, Griffin was sentenced based on the Guidelines range, calculated at 140 to 175 months, Doc. 127 ¶ 94, not on a statutory mandatory minimum that is no longer applicable as a result of the decision in *Dorsey*.

Although the Supreme Court has made the post-FSA statutory mandatory minimums applicable to defendants who were sentenced after August 3, 2010, the decision in *Dorsey* does not entitle Griffin to any relief. Griffin was not sentenced

based on a mandatory minimum that no longer applies. Therefore, insofar, as Griffin's motion seeks relief pursuant to the decision in *Dorsey*, his motion should be denied.

**C.     Conclusion**

The Government respectfully requests that this Court dismiss Dexter Griffin's "Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act and Amendments 706, 750" for want of jurisdiction. If decided on the merits, the Government respectfully requests that the motion be denied.

This the 16th day of August, 2012.

                              MICHAEL J. MOORE
                              UNITED STATES ATTORNEY


                By:   s/Michelle L. Schieber
                        Assistant United States Attorney
                        Georgia Bar No. 629188

300 Mulberry St., Suite 400
P.O. Box 1702
Macon, Georgia 31202
478-752-3511
mikki.schieber@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I certify that I have this date electronically filed the foregoing Government's Response to Dexter Griffin's Pro Se Motion for Reduction of Sentence with the Clerk of the Court using the CM/ECF system, and mailed a true and correct copy to Appellant in a properly addressed and stamped envelope as follows:

Dexter Griffin
Reg. No. 87759-020
USP Lompoc
U.S. Penitentiary
3901 Klein Blvd.
Lompoc CA 93436.

This the 16th day of August, 2012.

                                    MICHAEL J. MOORE
                                    UNITED STATES ATTORNEY

                  By:    s/Michelle L. Schieber
                           Assistant United States Attorney
                           Georgia Bar No. 629188

300 Mulberry St., Suite 400
Post Office Box 1702
Macon, Georgia 31202
478-752-3511
mikki.schieber@usdoj.gov