**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:09-CR-30 (WLS) |
| | : | |
| DEXTER GRIFFIN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER

Before the Court are Defendant Dexter Griffin's Motion for Reduction of Sentence (Doc. 197) and Motion for Specific Performance of Plea Agreement (Doc. 204.) Both motions are **DENIED**.

### FACTUAL and PROCEDURAL BACKGROUND

On October 30, 2009, a federal grand jury returned a fourteen-count indictment against Dexter Griffin and two codefendants for the distribution of crack cocaine around public housing facilities. (Doc. 1.) Griffin entered a written plea agreement on December 23, 2009, to Count Ten of a superseding Indictment, which charged him with distributing crack cocaine around a public housing facility, with the assistance of a person under eighteen years of age to avoid detection, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860(a). (Doc. 67.) In exchange for Griffin's guilty plea, the Government agreed to dismiss the remaining counts of the Indictment and recommend a downward departure if Griffin accepted responsibility for his offense. (*Id.*)

Griffin appeared for a change-of-plea hearing on December 23, 2009. (Doc. 66.) During the hearing, the Court engaged Griffin in a detailed change-of-plea colloquy. (Doc. 97.) Griffin testified he was satisfied with his lawyer's representation and

1

understood his written plea agreement to be the full agreement between him and the Government. Upon further questioning, Griffin testified that no one coerced him or offered him any other promises to influence him to plead guilty. After Griffin said he understood all of the Court's questions and gave truthful answers, the Court accepted his guilty plea.

Despite that, on June 22, 2010, the Court received a pro se letter from Griffin alleging constitutional violations and his attorney's ineffective assistance of counsel. (Doc. 101.) In the letter, Griffin claimed the assistant United States attorney promised to file a 5k1.1 motion if he pleaded guilty. Further, Griffin alleged his attorney and the AUSA intentionally misled him into pleading guilty with the promise he would receive a lighter sentence for helping law enforcement.

The next day, the Court held a hearing on Griffin's letter. (Doc. 98.) At the beginning of the hearing, the Court asked Griffin whether he remembered his change-of-plea colloquy, when the Court asked him a series of questions about the voluntariness of his guilty plea. (Doc. 177.) Griffin claimed he gave untruthful answers during the change-of-plea hearing at his attorney's advice and because he was too frightened to raise objections. Further, Griffin, under oath, claimed his attorney promised him, off the record and during a recess from his change-of-plea hearing, that the Government would file a 5K1.1 motion if he pleaded guilty. The Court allowed Griffin to call witnesses for direct examination. Griffin called his attorney, the AUSA present during his hearing, and his probation officer, all of whom disavowed the existence of any promise to file a 5K1.1 motion.

Further, the AUSA who charged Griffin told the Court that Griffin had offered some information to a law enforcement agent, but that the Government declined to file a

2

5K1.1 motion because the information did not substantially assist the Government. He added, "I explained to [the defense attorney] that there was nothing based upon that information at this time that rose to the level of substantial assistance, but if in the future we saw a need for Mr. Griffin as a witness, there was a prospect of a Rule 35 being filed, and I believe that is actually in his plea agreement." (Doc. 177 at 69.)[1]

Griffin appeared for sentencing January 28, 2011. During the hearing, the Court accepted the Presentence Investigation Report's ("PSR") calculation of Griffin's offense level and criminal history. The PSR provided that Griffin's base offense level was 26 under U.S.S.G § 2D1.3(a)(3) because his drug offense occurred near a public housing facility and involved a person less than eighteen years of age. (Doc. 127.) Further, the PSR recommended a two-level enhancement for obstruction of justice because Griffin lied under oath about the existence of a promise to file a 5K1.1 motion. Griffin objected to that enhancement, and the Court overruled the objection because Griffin lied about such a promise during the motion hearing. (Doc. 180 at 14–15.) Based on a criminal history category of VI and a base offense level of 28, the Court determined Griffin's sentencing range was 140 to 175 months. The Court sentenced griffin to 157 months' imprisonment.

Griffin appealed. The Eleventh Circuit affirmed and found the Court did not err in enhancing Griffin's sentence for obstruction of justice or denying him a reduction for acceptance of responsibility. (Doc. 202.) The Eleventh Circuit reasoned that Griffin lied to the Court, delayed the proceedings, and attempted to withdraw his plea, even though he still wished to plead guilty.

---

[1] Griffin's written plea agreement required him to give truthful information to law enforcement and truthful testimony if he was called as a witness. Although the Government agreed to file a downward departure if Griffin accepted responsibility, the written agreement did not mention the possibility of filing a 5K1.1 or Rule 35 motion. (*See* Doc. 67.)

3

Griffin now seeks relief from his sentence based on two grounds. First, on August 2, 2012, Griffin filed a "Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act and Amendments 706, 750." (Doc. 197.) He argues he is entitled to a reduction of his sentence under the Fair Sentencing Act and related amendments to the Sentencing Guidelines. Second, Griffin filed a "Motion for Specific Plea Agreement" on May 24, 2013. (Doc. 204.) Therein, he asks the Court to reduce his sentence for acceptance of responsibility and compel the Government to file a Rule 35 motion.

## DISCUSSION

### I. Motion to Reduce Sentence under 18 U.S.C. § 3582

Griffin is not entitled to a reduction in his sentence under the Fair Sentencing Act of 2010 ("FSA") or any of the amendments to the United States Sentencing Guidelines.

The FSA, signed into law on August 3, 2010, by President Barack Obama, amends the penalty provisions of 21 U.S.C. § 841 by increasing the total amount of crack cocaine necessary to trigger mandatory five-year sentences from five to twenty-eight grams or more, and ten-year sentences from fifty to two-hundred-eighty grams or more. FSA of 2010, Pub. L. No. 111-220, § 2(a)(1)-(2), 124 Stat. 2372, 2372 (codified as amended at 21 U.S.C. § 841(b)(1)(B)(iii) (2010)). This amendment, in effect, reduces the crack cocaine-powder cocaine sentencing ratio from 100-to-1 to 18-to-1. *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).

In conformity with the FSA's mandate to the U.S. Sentencing Commission (hereinafter "U.S.S.C." or "Commission") to "promulgate . . . as soon as practicable . . . conforming amendments to the Federal sentencing guidelines . . . [that are] necessary to achieve consistency with other guideline provisions and applicable law," FSA, Pub. L.

No. 111-220, § 8(1)-(2), 124 Stat. 2372, 2374, the U.S.S.C. issued emergency temporary amended guidelines, effective November 1, 2010, that reduced the base offense levels for various quantities of crack cocaine, Temporary Emergency Amendment to Sentencing Guidelines and Commentary, 75 Fed. Reg. 66,188-02, 66,189-02 (2010); see also U.S.S.G. app. C, amend. 750.  These amendments became permanently retroactive on November 1, 2011.  Submission to Congress of Amendments to the Sentencing Guidelines Effective November 1, 2011, 76 FR 24960-01, 24963-01 (2011).

Of the amendments, Amendment 750 to the Sentencing Guidelines allows a defendant to seek, and a court to grant, under 18 U.S.C. § 3582, a reduction in his sentence if the sentence was based on the § 2D1.1 offense levels for crack cocaine offenses, which the Commission lowered in conformity with the FSA.  See U.S.S.G. § 2D1.1.  Such a reduction is only permitted, however, if the original "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if the proposed "reduction is consistent with U.S.S.C. applicable policy statement."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(2)(B) (prohibiting sentencing reduction where retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range").

None of these recent laws affect Griffin. The Court did not sentence Griffin under either the pre-FSA mandatory minimums or any of the guidelines altered by amendments to the Sentencing Guidelines. The Court sentenced him for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). Griffin's guilty plea, therefore, did not expose him to any of the statutory mandatory minimums affected by the FSA. Rather, his conduct exposed him to a twenty-year maximum, which was tripled under 21 U.S.C § 860(c)

because he committed his offense near a public housing facility with a person less than eighteen years of age. The FSA did not change Griffin's sentence.[2]

Additionally, the Court applied Section 2D1.2(a)(3) of the Sentencing Guidelines for Griffin's base offense level, not Section 2D1.1. Neither Amendment 706 nor Amendment 750 altered the base offense level for defendants who commit drug offenses near public housing facilities with the aid of a minor. *See* 75 Fed. Reg. 66,188-02. Griffin's base offense level would be 26 regardless of the date of his sentencing. *Compare* U.S.S.G § 2D1.2(a)(3) (2012) (requiring base offense level of 26), *with* U.S.S.G. § 2D1.2(a)(3) (2010) (same).

For those reasons, Griffin's motion is **DENIED**.

## II. Motion for Specific Performance of Plea Agreement

In his most recent motion, Griffin urges the Court to reduce his sentence for acceptance of responsibility and to remove his two-level enhancement for obstruction of justice. (Doc. 204.) He also moves to compel the Government to file a Rule 35 motion. (*Id.*) Griffin, in an accompanying letter, explains he does not wish his motion to be treated as a motion to vacate under 28 U.S.C. § 2255. (Doc. 204-1.)

The Court lacks jurisdiction to reduce Griffin's sentence. Federal district courts lack inherent authority to reduce or modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). His purported acceptance of responsibility is not grounds for modification of a sentence under 18 U.S.C. § 3582(c). And because he does

---

[2] Even if the FSA did affect Griffin's sentence, the Court could not reduce his sentence under 18 U.S.C. § 3582(c), the jurisdictional vehicle on which he brings the instant motion.

6

not want his motion treated as a motion to vacate under § 2255,[3] no other jurisdictional ground exists to reduce his sentence. *See Diaz-Clark*, 292 F.3d at 1316.

Additionally, Griffin's argument that the Government violated the plea agreement by failing to file a motion for acceptance of responsibility is without merit. To the contrary, the Government filed a Motion for Additional Decrease for Acceptance of Responsibility after Griffin entered his plea agreement. (Doc. 69.) As that agreement plainly stated, however, the decision to actually reduce his sentence for acceptance of responsibility rested with the Court. (Doc. 67.) And the Court found Griffin did not accept responsibility, as contemplated by the guidelines, and, to the contrary, found he obstructed justice. (Doc. 180 at 43.) The Eleventh Circuit affirmed this finding because "[e]ven though he pleaded guilty and reiterated his guilt several times throughout the proceedings, he also lied to the court and misrepresented what the attorneys in the case told him about sentencing." (Doc. 202 at 10.)

Even if the Government did fail to file such a motion, the Government's agreement was contingent upon Griffin actually accepting responsibility "as contemplated by the Federal Sentencing Guidelines." (Doc. 67 at 6.) As already stated, Griffin was not entitled to a reduction for acceptance of responsibility because "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his conduct." U.S.S.G. § 3E1.1, application note 4.

Griffin's motion to compel the Government to file a Rule 35 motion is also unpersuasive. The decision to file a Rule 35(b) motion is discretionary. *Wade v. United*

---

[3] By acknowledging Griffin's desire that the present action not be treated as a § 2255 petition does not mean that the Court finds or agrees that Griffin can avoid any negative consequences or sanction for failing to timely raise this or any other issue by way of a § 2255 petition.

*States*, 504 U.S. 181, 185 (1992). A district court cannot review the Government's refusal to file such a motion unless (1) the Government reneged on a promise to do so or (2) the Government's refusal is based on an unconstitutional motivation, such as the defendant's race or religion. *See United States v. Bell*, 465 F. App'x 892, 894 (11th Cir. 2012).

The record belies Griffin's claim of an agreement between him and the Government. The Court held a hearing on the same allegation, only with a 5K1.1 motion, before it sentenced Griffin. During the hearing, Griffin's defense attorney, several AUSAs, and a probation officer denied any knowledge of such an agreement. This alleged promise is absent from the written plea agreement. Griffin also denied the existence of any other agreements during his change-of-plea hearing. Because of these facts, the Court actually enhanced Griffin's sentence for obstruction of justice because he lied about the existence of such a promise. Griffin does not offer any new facts to find that an agreement existed between him and the Government.

Further, Griffin has not made an allegation, let alone a substantial showing, that the Government acted with an unconstitutional motive.  Judicial review of the failure to file a Rule 35 motion is appropriate if there "is an allegation *and* a substantial showing" of the Government's unconstitutional motive. *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993) (emphasis in original). Griffin's passing claim that the Government acted in "bad faith" is insufficient to allege an unconstitutional motive. *See United States v. Jardines*, No. 12-14461, 2013 WL 1748793, at *2 (11th Cir. Apr. 23, 2013) ("[H]is general allegation that the government's failure to move for a reduction was 'based on bad faith or unconstitutional motive' is flatly insufficient."). Because Griffin

8

has made neither an allegation nor a substantial showing, he is not entitled to judicial review or an evidentiary hearing on his motion. *Bell*, 465 F. App'x at 894.

His motion (Doc. 204) is therefore **DENIED**.

## CONCLUSION

For foregoing reasons, Griffin's motions (Docs. 197, 204) are **DENIED**.

**SO ORDERED,** this  6th  day of June 2013.

                                       /s/ W. Louis Sands
                                      **THE HONORABLE W. LOUIS SANDS**
                                      **UNITED STATES DISTRICT COURT**