IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DEXTER GRIFFIN,                 :
                                      :
         Petitioner,            :
                                        :
                                        :
     VS.                              :       **28 U.S.C. § 2255 Case No.**
                                        :         1 : 14-CV-70 (WLS)
                                        :
UNITED STATES OF AMERICA,   :       **Criminal Case No.**
                                        :         1 : 09-CR-30 (WLS)
                                        :
                                        :
         Respondent.        :
_____

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. §
2255, filed on May 1, 2014 (Doc. 207), is before this Court for the issuance of a recommendation
of disposition pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United
States District Courts.

### Procedural History

By means of a superseding indictment filed on December 3, 2009, the Petitioner was
charged in this Court with multiple drug-related offenses. (Doc. 61). Petitioner pled guilty on
December 23, 2009 to a single count of distributing crack cocaine within 1,000 feet of a public
housing location and using a person under the age of 18 to commit and to assist in avoiding

detection or apprehension for that offense.  (Docs. 66, 67, 68).  The parties appeared for sentencing initially on April 22, 2010, and the Petitioner raised allegations that he had been promised a § 5K1.1 sentence reduction by the government at the change of plea hearing.  (Doc. 95).  The Court suspended the sentencing hearing and directed the transcription of the plea hearing for the Court's review.  *Id.*  A second sentencing hearing was set for June 23, 2010, at which hearing the Court read into evidence a letter sent by the Petitioner to the Court, and heard testimony regarding Petitioner's concerns as to his appointed counsel and the voluntariness of his guilty plea.  (Doc. 98).  The Court construed Petitioner's concerns as a possible motion to withdraw his guilty plea.  The Court directed the appointment of new counsel, and suspended sentencing until further notice.  *Id.*   Up until this point in the proceedings, Petitioner was represented by attorney Gerald Williams.  Following the Court's order for the appointment of new counsel, attorney Tony Jones was appointed to represent the Petitioner.

By Order dated June 30, 2010, the Court directed new counsel for the Petitioner to meet with Petitioner and then inform the Court as to the status of the Petitioner's motion to withdraw his guilty plea.  (Doc. 104).  By Order dated July 28, 2010, the Court notified the parties that it would proceed to rule upon the Petitioner's oral motion to withdraw his guilty plea without further hearing or briefing, as counsel for the Petitioner had failed to file any written status notification.  (Doc. 107).  At Petitioner's final sentencing hearing on January 28, 2011, the Court addressed Petitioner's oral Motion to Withdraw Plea, and was advised by Petitioner's counsel that Petitioner wished to proceed.  (Doc. 121).  Based on the oral withdrawal of the motion, said motion was denied as moot.  *Id.*

Petitioner was sentenced to a term of imprisonment of 157 months followed by nine years supervised release on January 28, 2011.  (Docs. 121, 124).  Petitioner filed an appeal, raising three enumerations of error.  (Doc. 126).  The Eleventh Circuit affirmed the Petitioner's conviction and sentence on April 4, 2013.  (Doc. 202).

In his § 2255 motion, Petitioner raises the following grounds of ineffective assistance of counsel:

1) Attorney Gerald Williams failed to provide effective representation during the plea process, and coerced the Petitioner into pleading guilty.

2) Attorney Tony Jones provided ineffective representation during the sentencing process, failing to investigate relevant sentencing factors and failing to move for a downward departure from the Sentencing Guidelines.

3) Attorney Williams misadvised Petitioner.

4) Petitioner suffered a lack of representation at the change of plea hearing and on appeal.

**Legal Standards**

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> 28 U.S.C. § 2255.

If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

## Evidentiary Hearing

The Petitioner bears the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483,1485 (11th Cir. 1989). The Court is not required to hold an evidentiary hearing, however, where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). "[If] the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007). The record herein is sufficient to evidence that Petitioner's claims lack merit, and therefore no evidentiary hearing is necessary.

## 2255 Claims

The Petitioner asserts that he received ineffective assistance of counsel at the plea, sentencing, and appellate levels. In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985).

"Our role in collaterally reviewing [] judicial proceedings is not to point out counsel's

4

errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989). The two-prong *Strickland* test applies to guilty plea challenges, although "[i]n the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea." *Woolsey v. United States*, 2011 WL 195412, *2 (M.D.Fla.)(citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)). Thus, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

> [A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. . . . It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding . . [rather][t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

> probability is a probability sufficient to undermine confidence in the
> outcome. . . . In making the determination whether the specified
> errors resulted in the required prejudice, a court should presume,
> absent challenge to the judgment on grounds of evidentiary
> insufficiency, that the judge or jury acted according to law.

*Strickland*, 466 U.S. at 693-694.

"As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" *Reed v. Sec'y. Fla. Dep't. of Corr.*, 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting *Bobby v. Van Hook*, 130 S.Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In order to find that counsel's performance was objectively unreasonable, the performance must be such that no competent counsel would have taken the action at issue. *Hall v. Thomas*, 611 F.3d 1259, 1290 (11th Cir. 2010).

**Plea**

In Grounds 1 and 3, Petitioner maintains that attorney Gerald Williams provided ineffective assistance of counsel at the plea stage of the proceedings, in that Williams failed to protect Petitioner's interests in the plea agreement and coerced Petitioner into pleading guilty, relying on an agreement that was not beneficial to Petitioner. Petitioner maintains that Williams failed to advise him regarding his possible sentence and the requirements of any cooperation as a basis for a possible sentence reduction.

During the plea hearing at which Petitioner was represented by attorney Williams, Petitioner testified that attorney Williams had advised him of the charges and explained his legal

constitutional rights to him, that he was satisfied with Williams' representation of him, and that

attorney Williams had reviewed and read the plea agreement with Petitioner.  (Doc. 97).

     During the plea colloquoy, the Court inquired of the Petitioner as follows:

THE COURT:  Now, did Mr. Williams have your approval and your consent to discuss

with the government, and reach an agreement on your behalf in this case?

THE DEFENDANT:  Yes sir.

THE COURT:  Did you have an opportunity to review it and read and discuss that

agreement with your lawyer?

THE DEFENDANT:  Yes, sir.

THE COURT:  You have had sufficient time to discuss it?

THE DEFENDANT:  Yes, I have.

THE COURT:  Do you believe you understand it?

THE DEFENDANT:  Yes, sir, I do.

THE COURT:  Do you understand that agreement to be the full agreement between you

and the government?

THE DEFENDANT:  Yes, I do.

THE COURT:  In other words, what I am asking you is. [sic] Is there any other promise

made to you by anybody, other than what is in that agreement itself, in order to get you

to sign the agreement or plead guilty?

THE DEFENDANT:  No, sir.

. . .

THE COURT:  Has anybody forced you, coerced you or threatened you to get you to enter into that plea agreement?

THE DEFENDANT:  No, sir.

THE COURT:  Do you have any question what it means at all or anything about it?

THE DEFENDANT:  No.  I pretty much understand it.

(Doc. 97, pp. 7-8).

At the initial sentencing hearing on April 22, 2010, attorney Williams reiterated objections regarding the Pre-Sentence Report, asserting that Petitioner should receive a mitigating role reduction based on the extent of his involvement in the offenses.  (Doc. 176, pp. 2-7).  Petitioner spoke directly to the Court regarding an alleged promise from the government regarding a § 5K1.1 reduction.  *Id.* at pp. 6-8.  Mr. Williams stated that he had explained to Petitioner that the government could decide not to authorize a § 5K1.1 reduction based on its evaluation of the information provided by Petitioner.  *Id.* at 9.

At the next scheduled sentencing hearing on June 23, 2010, the Court thoroughly explored Petitioner's allegations of ineffective assistance of counsel and Petitioner's entry of a guilty plea.  (Doc. 177).  The Court read portions of Petitioner's guilty plea into the record, and heard testimony from Petitioner, attorney Williams, the Assistant United States Attorney, and a United States Probation Officer.  *Id.*

THE COURT:  When I asked you was [sic] there any promises, what was your answer?

THE DEFENDANT :  I told you no because of advice from my

attorney.

THE COURT:  Wait just a minute.  So you're telling me that I ask you, under oath, a question, and you lied because your lawyer promised you something?  Is that what you are telling me?

THE DEFENDANT:  Basically, because I –

THE COURT:  Well, why should I believe that?

THE DEFENDANT:  He told me not to object to anything that you say.  He said just go along.

THE COURT:  That wasn't an objection.  I was asking you about your understanding of what the agreement was between you and the government.

THE DEFENDANT:  I didn't know any better, Your Honor.

THE COURT:  What do you mean you don't know any better?  How old are you?

THE DEFENDANT:  46

THE COURT:  46?

THE DEFENDANT:  Yes, sir.

THE COURT:  You don't know what it means to raise your hand to tell the truth?

THE DEFENDANT:  No.  I didn't know what it meant as far as getting that 5K.

THE COURT:  So you are upset with Mr. Williams, not because he asked you to lie to the Court under oath, but because the deal you thought he had on the side didn't come through?  Is that the problem?  If the deal had worked the way you say it, lying would have been fine is what you are saying to me?

9

THE DEFENDANT:  Yes, sir.

*Id.* at pp. 19-21.

Petitioner testified that attorney Williams brought up the possibility of a § 5K1.1 with investigator Rod Williams at Petitioner's request.  *Id.* at pp. 38-39.  Attorney Williams was "working" on it, trying to get the prosecutor to agree to request a§ 5K1.1.  *Id.* at pp. 47-49. Petitioner ultimately stated that he overheard discussions pertaining to a § 5K1.1 after the plea hearing, and was informed by the Court that any statements made after the plea hearing were not connected to his plea.  *Id.* at pp. 49-51.

At the end of the hearing, the Court informed the Petitioner as follows:

> **THE COURT**:  Well, you are not getting the 5K Motion, I can tell you, because there's nothing been [sic] told to me that you have been denied a 5K motion improperly.  You haven't even made out a showing that there was a reason – that there was a promise made nor an improper reason for not granting it, not even a general allegation.

*Id.* at p. 58.

Petitioner maintained he was guilty and wanted to plead guilty, and the Court appointed new counsel for Petitioner.  *Id.* at p. 77.

Before ultimately sentencing Petitioner on January 28, 2011, the Court received assurances from Petitioner and his new counsel that Petitioner did not wish to withdraw his guilty plea.  (Doc. 180, pp. 4, 5).

Given this lengthy inquiry into the Petitioner's guilty plea and attorney Williams'

representation of Petitioner during the plea process, and the actual plea colloquoy, in which the Court was assured by both the Petitioner and his counsel that Petitioner had received meaningful assistance of counsel throughout the plea process and that his plea was knowing and voluntary, attorney Williams' representation of Petitioner during the plea process did not fall below the standard for effective assistance of counsel. *Forbes v. U.S.*, 2013 WL 4046330 *16 (N.D.Ga. 2013) (court could not find ineffective assistance of counsel for failure to file motion to withdraw in light of sworn representations in plea colloquoy). Petitioner has not established that attorney Williams' representation during the plea process was unreasonable, or that his actions resulted in a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. Petitioner's testimony at his first sentencing hearing makes it clear that whatever representations he allegedly heard regarding a § 5K1.1 sentence reduction occurred <u>after</u> the guilty plea had been entered. Attorney Williams' testimony established that he continued to work towards a § 5K1.1 sentence reduction, but that the decision whether such a motion would be filed rested with the government.

To the extent that Petitioner claims he was abandoned by attorney Williams at the June 23, 2010 sentencing hearing, in that Petitioner was allowed to testify and to incriminate himself, the record is clear that Petitioner chose to testify under oath before the Court. (Doc. 177). Any self-incrimination that occurred resulted from Petitioner's choices to testify and to try to remove attorney Williams as counsel. Moreover, as found by the Eleventh Circuit, Petitioner's "attorney was present and represented him up until the district court decided, without finding any wrongdoing by his attorney, that it would appoint new counsel." (Doc. 202, p. 7).

***Sentencing***

11

In Ground Two of this § 2255 Motion, Petitioner asserts that he received ineffective assistance of counsel at sentencing, in that counsel Tony Jones failed to investigate and present mitigation evidence regarding Petitioner's mental status, and failed to move for a reduced sentence.

The Petitioner has not established any deficiency in counsel's performance or prejudice flowing from these alleged instances of ineffectiveness.  As Respondent points out, evidence of Petitioner's alleged depression was before the Court, in part due to Petitioner's own presentation of mental health evidence at the June 23, 2010 and the January 28, 2011 sentencing hearings. (Docs. 177, 180).  Additionally, attorney Jones filed objections to the Pre-Sentence Report, seeking a reduction in the sentencing level (Doc. 120), and suggested a downward sentence departure or variance at the January 2011 sentencing hearing (Doc. 180 at pp. 33-36).  In regard to issues raised as to his sentencing, Petitioner has failed to carry his burden to establish counsel's deficient performance and prejudice resulting therefrom.

***Appellate counsel***

Finally, Petitioner asserts that appellate counsel Tony Jones rendered ineffective assistance of counsel on appeal by abandoning him.  A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of right".  *Evitts v. Lucy*, 469 U.S. 387, 394 (1985).  However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant.  The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, [however], that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."

*Jones v. Barnes*, 463 U.S. 745, 751 (1983).  "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."  *Id.*

Appellate counsel is not ineffective in failing to raise claims "reasonably considered to be without merit".  *Alford v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984).  To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the Court must examine the merits of the issues Petitioner alleges should have been raised on appeal.  *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).

On appeal, Petitioner through appellate counsel raised three issues:  1) he was denied counsel during a critical stage of the proceedings; 2) the district court erred by increasing his offense level for obstruction of justice and by failing to reduce his offense level for acceptance of responsibility; and 3) the district court violated his right against double jeopardy.  (Doc. 195).

The appellate record evidences appellate counsel's decision to pursue certain claims and remove others from consideration.  "Such winnowing of claims for presentation on appeal is reasonable and proper."  *U.S. v. Allen*, 2009 WL 857385 (S.D.Ala. 2009) *citing Johnson v. Alabama*, 256 F.3d 1156, 1188 (11th Cir. 2001).  As discussed herein, Petitioner's ineffectiveness claims are not meritorious.  "In any event, there was little persuasive foundation, and little likelihood of success, for . . . [any] arguments [the Petitioner] now suggests should have been pressed on appeal."  *Johnson,* 256 F.3d at 1188.  There is no indication that Petitioner was "abandoned" in any way by his appellate counsel, and Petitioner has failed to establish ineffective assistance of appellate counsel.

**Conclusion**

13

WHEREFORE, it is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 24th day of March, 2015.

s/   ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

14