**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DEXTER GRIFFIN, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | 28 U.S.C. § 2255 Case No. 1:14-CV-70 (WLS) |
| | : | |
| | : | Criminal Case No. 1:09-CR-30 (WLS) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## **ORDER**

Before the Court are Petitioner Dexter Griffin's Motion for Leave to Proceed *in Forma Pauperis* on Appeal and Motion for a Certificate of Appealability. (Docs. 231, 232.) Griffin seeks to appeal the Court's April 30, 2015 Order denying his § 2255 Motion to Vacate. (Doc. 226.) In that Order, the Court adopted United States Magistrate Judge Thomas Q. Langstaff's recommendation that Griffin's 28 U.S.C. § 2255 petition be denied with prejudice. (*Id.*)

Judge Langstaff also recommended that the Court decline to issue Griffin a certificate of appealability. (Doc. 27 at 14.) Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Supreme Court held,

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).[1]

---

[1] Although *Slack* involved a § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000).

Judge Langstaff found that Griffin has not made a substantial showing of the denial of a constitutional right. (Doc. 217 at 14.)  The Court agrees, finding for the reasons stated and findings made in Judge Langstaff's March 24, 2015 Recommendation that reasonable jurists would agree that Griffin has not stated a valid claim of the denial of a constitutional right.  The Court therefore **DENIES** Griffin's Motion for a Certificate of Appealability (Doc. 231).  Further, because the Court herein finds that Griffin is not entitled to a COA, his Motion for Leave to Proceed *in Forma Pauperis* on Appeal (Docs. 231, 232) is **DENIED as moot**.

**SO ORDERED,** this 3rd day of June, 2015.

/s/ W. Louis Sands_____
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**